UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/14/26

ROMAN MURRAY,

Petitioner,

-against-

J. L. JAMINSON,

Respondent.

1:23-cv-3176 (MKV)

OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS

MARY KAY VYSKOCIL, United States District Judge:

Petitioner Roman Murray, an inmate at FCI Otisville who is proceeding *pro se*, seeks to challenge, through a petition for a writ of habeas corpus, his federal sentence for a drug conspiracy [ECF No. 1 (the "Petition" or "Pet.")]. He argues that the Bureau of Prisons ("BOP") miscalculated his sentence by failing to credit him with time served for state probation violations. Petitioner also argues that, pursuant to the ruling of the United States Court of Appeals for the Third Circuit in *United States v. Nasir*, 17 F.4th 459 (3d Cir. 2021), he is not a career offender. For the reasons set forth below, the Petition is DENIED.

## I. BACKGROUND[1]

### A. Petitioner's State Cases

#### 1. Substantive State Charges

In January 2017, while Petitioner was on probation for prior state charges, Pennsylvania law enforcement executed a search warrant on Petitioner's residence and discovered 0.5 grams of

[1] The facts are drawn from the government's Return to the Petition, which consists of the declaration of Heather Gandy, a Management Analyst with the BOP [ECF No. 10 ("Gandy Decl.")] and a number of exhibits, including the Presentence Investigation Report prepared in advance of Petitioner's sentencing [ECF No. 10-1 ("PSR")], a memorandum from the Designation and Sentence Computation Center [ECF No. 10-2 ("DSCC Mem.")], Petitioner's federal indictment from November 1, 2017 [ECF No. 10-3 ("Indictment")], the government's motion for a writ of habeas corpus *ad prosequendum* [ECF No. 10-4], Petitioner's individual custody report [ECF No. 10-5], Petitioner's sentence status summary report from the Pennsylvania Department of Corrections [ECF No. 10-6], a Pennsylvania Board of Probation and Parole Board checklist and order to release Petitioner on parole [ECF No. 10-7 ("Parole

marijuana, approximately one ounce of heroin, more than $20,000 in cash, and drug paraphernalia, including digital scales and packaging materials. *See* Gandy Decl. ¶ 5. Thereafter, in February 2017, Pennsylvania law enforcement authorities arrested Petitioner and charged him, under state Case Nos. 2214-2017 and 2802-2017, with various substantive state charges, including possession with intent to deliver heroin, possession with intent to deliver marijuana, conspiracy, false identification to law enforcement, possession of marijuana, and driving under suspension. *Id.*¶ 6; *see* PSR ¶¶ 45, 47. All of these substantive state charges were ultimately dismissed, however. *See* Gandy Decl. ¶¶ 13, 15; PSR ¶ 47; *see* DSCC Mem.

**2. State Probation Violations and Sentence**

At about the same time, Petitioner was also charged by Pennsylvania, under state Case Nos. 6480-2015 and 5346-2015, with violating his probation. Gandy Decl. ¶ 6; *see* PSR ¶¶ 37–38. Unlike the substantive charges, Pennsylvania prosecuted the probation violations. *See* Gandy Decl. ¶ 10. In March 2018, Petitioner was sentenced in Pennsylvania state court to a 3-year to 6-year term of confinement, for one of the probation violation cases, and an 18-month to 3-year term of confinement, for the other. *See* Gandy Decl. ¶ 10 (citing state Case Nos. 5346-2015 and 6480-2015, respectively); PSR ¶¶ 37–38. Petitioner was later granted parole and released to the custody of the U.S. Marshals Service in July 2019. Gandy Decl. ¶ 12.

**B. Petitioner's Federal Sentence**

Meanwhile, in November 2017, a federal grand jury in the Middle District of Pennsylvania issued an indictment, in Case No. 1:17-cr-342 (M.D. Pa), charging Petitioner, together with others,

---

Order")], the Judgment in a Criminal Case from the Middle District of Pennsylvania [ECF No. 10-8 ("Judgment")], BOP public information inmate data [ECF No. 10-9 ("BOP Data")], and Petitioner's administrative remedy history from the SENTRY database [ECF No. 10-10 ("SENTRY")]. "The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." 28 U.S.C. § 2248; *see Flowers v. Fed. Bureau of Prisons*, No. 19-cv-8831 (LGS), 2020 WL 5633193, at *2 (S.D.N.Y. Sept. 21, 2020).

with a conspiracy to distribute heroin, cocaine base and cocaine hydrochloride, distribution of fentanyl, and possession with intent to distribute heroin. *See* Indictment at 1–2, 16, 17, 18; *see also* Gandy Decl. ¶ 7. Petitioner thereafter pled guilty to Conspiracy To Distribute and Possess with Intent To Distribute 280 Grams and More of Cocaine Base and 1 Kilogram and More of Heroin, in violation of 21 U.S.C. § 846. *See* Judgment at 1. On October 29, 2020, the United States District Court for the Middle District of Pennsylvania sentenced Petitioner to 180 months of imprisonment. *Id*. at 2.

The Presentence Investigation Report prepared in connection with Petitioner's sentencing identifies prior drug trafficking offenses and notes that Petitioner was a career offender pursuant to Section 4B1.1(b) of the United States Sentencing Guidelines. PSR ¶¶ 23, 31, 32, 41; *see also* U.S.S.G. § 4B1.1(b). The PSR further notes that Petitioner was subject to a mandatory minimum prison sentence of 10 years pursuant to 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A). PSR ¶ 65. Petitioner's Guidelines Range was 262 to 327 months of imprisonment based on a criminal history category of VI and an offense level of 34. *Id*. ¶ 66.

The BOP determined that Petitioner's federal sentence began on October 29, 2020, the date that it was imposed. *See* Gandy Decl. ¶ 16. The BOP awarded Petitioner prior custody credit beginning in July 2019, when he entered the custody of the U.S. Marshals. *See id.* The BOP did not award Petitioner prior custody credit for the time he spent in state custody for his probation violations from February 2017 until July 2019. *See id.*

## II. PROCEDURAL HISTORY

Before initiating this habeas case, Petitioner previously filed a petition pursuant to 28 U.S.C. § 2255 in the Middle District of Pennsylvania. *See United States v. Murray*, No. 1:17-cr-342-06 (M.D. Pa.), Docket No. 400 (the "Prior Petition" or "Prior Pet."). In particular, in October

2021, Petitioner filed the Prior Petition arguing ineffective assistance of counsel. *See* Prior Pet. 5. Pertinent to this case, Petitioner expressly invoked "*United States v. Nasir*," arguing that his counsel had "fail[ed] to recite a case that was recently decided on in the 3rd Circuit that would [have] helped me at sentencing as far as my career offender enhancement goes . . . ." *Id.*; *see id.* at 6 (again discussing *Nasir*). The Prior Petition was dismissed on the merits, with the court ruling that "Murray's motion and the record as a whole demonstrate conclusively that no relief is warranted[.]" *United States v. Murray*, No. 17-cr-342-06 (SHR), 2022 WL 3586451, at *3 (M.D. Pa. Aug. 22, 2022).

Petitioner has now filed another petition for a writ of habeas corpus before this Court [ECF No. 1 (the "Petition" or "Pet."))]. Specifically, Petitioner, proceeding *pro se*, filed a form to seek a writ pursuant to 28 U.S.C. § 2241. *See* Pet. at 1. Petitioner argues that he is being held illegally for two reasons. First, Petitioner argues that his sentence was miscalculated because the BOP failed to deduct from his federal sentence his time served in state custody for probation violations. *Id*. at 3; *id.* ¶ 13. Second, he argues that, pursuant to the ruling of the Third Circuit in "*U.S. v. Nasir*," he is "no longer a career offender" under the Guidelines. *Id.* ¶ 8.[2]

Thereafter, the government submitted the Return, as well as a memorandum of law in opposition to the Petition [ECF No. 9 ("Opp.")]. With respect to Petitioner's first argument, the

[2] The Court notes, for the avoidance of any confusion based on the timing of the Prior Petition and the citations to *Nasir*, that, in the Prior Petition, Petitioner cited to *United States v. Nasir*, 982 F.3d 144 (3d Cir. 2020), in which the Third Circuit, sitting *en banc*, overturned its own prior precedent by holding that "inchoate crimes are not included in the definition of 'controlled substance offenses' given in section 4B1.2(b) of the sentencing guidelines" for purposes of career offender status. *Nasir*, 982 F.3d at 16. The Supreme Court, however, vacated that decision and remanded the case for further proceedings on other grounds. *See United States v. Nasir*, 142 S. Ct. 56, 211 L. Ed. 2d 1 (2021). Thereafter, on remand, the Third Circuit again held, in effect, that inchoate crimes do not count toward career offender status under the Guidelines. *United States v. Nasir*, 17 F.4th 459, 472 (3d Cir. 2021). Thus, even though the filing of the Prior Petition predates the current citation for the Third Circuit precedent, the holding for which Petitioner cited the earlier opinion remains the same. In all events, the Third Circuit issued the earlier opinion regarding career offender status in December 2020, after Petitioner was sentenced in October 2020.

government argues that Petitioner failed to exhaust his administrative remedies, and, in any event, the BOP properly calculated Petitioner's sentence. *See* Opp. 6–8. Second, the government argues that Petitioner's argument involving *Nasir* is an improper second or successive § 2255 petition collaterally attacking his sentence. *Id.* at 8.

## III. LEGAL STANDARDS

### A. *Pro Se* Submissions

The Second Circuit has made clear that "courts should liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *Diaz v. Kopp*, 146 F.4th 301, 305 (2d Cir. 2025) (italics added) (quoting *Harris v. Miller*, 818 F.3d 49, 56 (2d Cir. 2016)). However, "*pro se* status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

### B. Habeas Corpus

The Second Circuit has explained that "section 2255 is the appropriate vehicle for a federal prisoner to challenge the *imposition* of his sentence," while section 2241 "is the proper means to challenge the *execution* of a sentence." *Adams v. United States*, 372 F.3d 132, 134–35 (2d Cir. 2004) (internal citation omitted) (emphases in original). In particular, a prisoner may challenge "calculations by the Bureau of Prisons of the credit to be given for other periods of detention" under section 2241. *Poindexter v. Nash*, 333 F.3d 372, 377 (2d Cir. 2003). However, since such execution issues subject to review under section 2241 fall within the discretion or control of the Bureau of Prisons, U.S. Probation Office, or other executive branch personnel, a prisoner must exhaust his administrative remedies before filing a habeas petition under that provision. *See Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 630 (2d Cir. 2001).

Setting aside such execution issues, in general, a prisoner in federal custody "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack may move . . . to vacate, set aside or correct the sentence" pursuant to section 2255. 28 U.S.C. § 2255(a). However, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "second or successive § 2255 motions are barred unless they rely on either 'newly discovered evidence,' § 2255(h)(1), or 'a new rule of constitutional law,' § 2255(h)(2)." *Jones v. Hendrix*, 599 U.S. 465, 469 (2023). "[T]o be considered 'successive,' a prisoner's second petition must, in a broad sense, represent a second attack by federal habeas petition on the same" judgment. *Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003). If a "prisoner files a § 2241 petition in an attempt to evade § 2255's limits on second or successive petitions, and when the petitioner has already had a prior § 2255 petition dismissed on the merits," a district court "must either dismiss the habeas petition for lack of jurisdiction or recast it as a § 2255 motion" and refer it to the Court of Appeals for certification. *Adams*, 372 F.3d at 136 (internal quotation marks and citation omitted).

In narrow circumstances, "the savings clause in § 2255(e) . . . confers federal habeas jurisdiction where it would not otherwise exist: a federal prisoner may pursue a petition under § 2241," in the district of confinement, "if it 'appears that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention.'" *Dhinsa v. Krueger*, 917 F.3d 70, 81 (2d Cir. 2019) (alteration adopted) (quoting 28 U.S.C. § 2255(e)). The savings clause "preserves recourse to § 2241" only in this "unusual circumstance[]." *Jones*, 599 U.S. at 478. It does not "permit 'an end-run around' the 'two—and only two—conditions in which a second or successive § 2255 motion

may proceed' as described in § 2255(h)." *Walton v. Warden*, 2023 WL 5011933, at *1 (2d Cir. Aug. 7, 2023) (quoting *Jones*, 599 U.S. at 477). In particular, the Second Circuit has interpreted this savings clause to "authorize a § 2241 petition only when § 2255 is unavailable and the petition is filed by an individual who (1) 'can prove actual innocence on the existing record,' and (2) 'could not have effectively raised his claim of innocence at an earlier time,' perhaps due to an intervening change in the governing interpretation of the statute of conviction." *Dhinsa*, 917 F.3d at 81 (alterations adopted) (quoting *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003)).

## IV. DISCUSSION

### A. Petitioner's Claim that his Sentence Has Been Miscalculated by the BOP Fails.

Petitioner argues that his "sentence is being miscalculated by the B.O.P." because he "got arrested 2-10-2017 on these charges [and] only received time from 10-30-2020." Pet. ¶ 13. This claim is procedurally barred because Petitioner failed to exhaust the BOP administrative process. Moreover, the claim lacks merit.

#### 1. Petitioner Failed To Exhaust his Administrative Remedies.

As indicated above, a prisoner may challenge the calculation of prior time credit by the BOP in a federal habeas petition under section 2241. *See Poindexter*, 333 F.3d at 377. However, the prisoner must go through the BOP process for challenging the calculation before filing the petition. *See Carmona*, 243 F.3d at 630. Here, Petitioner's section 2241 challenge fails because he has failed to exhaust his administrative remedies.

Based on the record before the Court, it appears that Petitioner has failed even to initiate the administrative procedure for challenging the decision of the BOP not to award him credit for the time he served in state custody. *See* Gandy Decl. ¶ 24; SENTRY; *see also* 28 U.S.C. § 2248; *Flowers*, 2020 WL 5633193, at *2 (the facts in the Return may be accepted as true if not challenged

or shown to be false). The BOP maintains "a multi-tiered system, known as the Administrative Remedy Program, by which a federal inmate may 'seek formal review of an issue relating to any aspect of his/her own confinement.'" Gandy Decl. ¶ 17 (quoting 28 C.F.R. § 542.10(a)). Petitioner has "not filed an administrative remedy request regarding his sentencing computation or any other issue." Gandy Decl. ¶ 24; *see* SENTRY.

Such "[f]ailure to exhaust administrative remedies results in a procedural default, which bars judicial review unless the petitioner persuades the Court that the failure to exhaust should be excused." *Rosenthal v. Killian*, 667 F. Supp. 2d 364, 366 (S.D.N.Y. 2009) (citing *Carmona*, 243 F.3d at 634). Petitioner has not initiated, much less exhausted, his administrative remedies, and he has not offered any explanation or excuse for his failure to do so. *See* Pet. ¶ 13. As such, judicial review of his sentence calculation is barred. *See Carmona*, 243 F.3d at 634.

**2. The BOP Correctly Calculated Petitioner's Sentence.**

Even if Petitioner's miscalculation claim were not procedurally barred, it would still fail, since it appears that the BOP correctly calculated his sentence. There is no dispute that the BOP did not award Petitioner credit for the time he served in state custody, beginning in February 2017, until he was released to federal custody in July 2019. *See* Pet. ¶ 13; Gandy Decl. ¶ 16. Petitioner is not entitled to credit for that period, when he was serving state sentences for parole violations. *See* Gandy Decl. ¶¶ 10, 12; PSR ¶¶ 37–38. By federal statute, a defendant may receive credit for time spent in detention prior to the date the federal sentence commences if "that time has not been credited against another sentence." 18 U.S.C. § 3585(b). Since Petitioner's time in state custody was "credited" to his sentences for state parole violations, the BOP was correct not to award him credit towards his federal sentence for a drug conspiracy. *See* Gandy Decl. ¶¶ 10, 12, 16; *see*

*United States v. Wilson*, 503 U.S. 329, 337 (1992) ("Congress made clear that a defendant could not receive double credit for his detention time.").[3]

Accordingly, the Court rejects Petitioner's section 2241 challenge to the calculation of his sentence by the BOP.

**B. Petitioner Cannot Bring a Second or Successive Petition Based on *Nasir*.**

Petitioner separately challenges the "the validity of [his] sentence." Pet. at 3. In particular, Petitioner argues that, in light of the Third Circuit's decision in *Nasir*, he is "no longer a career offender" under the Sentencing Guidelines. *Id*. While Petitioner raises this argument in a form for *pro se* habeas petitioners seeking a petition under section 2241, Petitioner's challenge to "the validity of [his] sentence" must be construed as a second or successive section 2255 petition. *Id.*; *see Adams*, 372 F.3d at 136. As such, it must be dismissed.

Petitioner's argument that his sentence is invalid in light of the Third Circuit's decision in *Nasir* is not a challenge to the execution of his sentence, but, rather, is clearly a collateral attack on the judgment of the sentencing court. *See Adams*, 372 F.3d at 136; 28 U.S.C. § 2255(a); Pet. at 3 (explaining that Petitioner is challenging "the validity" of the decision of the court in the "middle district of Pennsylvania" sentencing him as a career offender). Moreover, this collateral attack is a second or successive petition because the Prior Petition attacked the same judgment on the same ground. *See Vasquez*, 318 F.3d at 390. In particular, in the Prior Petition, he sought to "vacate his sentence under 28 U.S.C. § 2255" and expressly cited "*United States v. Nasir*." *Murray*, 2022 WL 3586451, at *1, *3; *see* Prior Pet. at 5, 6.

The Prior Petition was dismissed on the merits, and Petitioner cannot evade the strict limitations on filing a second or successive section 2255 petition. *See Adams*, 372 F.3d at 136;

---

[3] Petitioner was entitled to receive credit for the time he spent in federal custody before his sentence commenced, and the BOP awarded him credit for that time. *See* Gandy Decl. ¶ 16.

*Murray*, 2022 WL 3586451, at *3. As the court explained in dismissing the Prior Petition, "[a]t the time of Murray's conviction and sentencing," Petitioner was a career offender under "settled law." *Murray*, 2022 WL 3586451, at *3. The subsequent decision of the Third Circuit in *United States v. Nasir* does not provide any ground for relief now.

As stated above "second or successive § 2255 motions are barred unless they rely on either 'newly discovered evidence,' § 2255(h)(1), or 'a new rule of constitutional law,' § 2255(h)(2)." *Jones*, 599 U.S. at 469. Here, after Petitioner was sentenced, the Third Circuit overturned its own prior precedent by holding that "inchoate crimes are not included in the definition of 'controlled substance offenses' given in section 4B1.2(b) of the sentencing guidelines" for purposes of career offender status. *Nasir*, 982 F.3d at 16; *accord Nasir*, 17 F.4th at 472; *see supra* n.2. The Third Circuit's new stance on the interpretation of the Guidelines, which Petitioner contends would have resulted in a more favorable sentence, does not fall within either exception to the bar on second or successive section 2255 petitions. *See Jones*, 599 U.S. at 469. It is not newly discovered evidence or a new rule of constitutional law. *See id.* at 470–472 (holding that new case law interpreting a statutory provision is not newly discovered evidence or a new rule of constitutional law, made retroactive to cases on collateral review). As such, Petitioner's claim based on *Nasir* is barred as a second or successive section 2255 motion.

Moreover, the savings clause, section 2255(e), does not apply here. This narrow exception permits a prisoner to bring a section 2241 petition when section 2255 relief is unavailable only if the petitioner can prove actual innocence and could not have raised his claim of innocence earlier. *Dhinsa*, 917 F.3d at 81. Petitioner does not claim that he is innocent. As such, he cannot press his *Nasir* claim in a section 2241 petition. Accordingly, the Petition is properly dismissed. *See Adams*, 372 F.3d at 136.

## V. CONCLUSION

For the reasons set forth above, Petitioner's petition for habeas relief is hereby DENIED in its entirety. The Clerk of the Court is respectfully requested to mail a copy of this Opinion and Order to Petitioner and to terminate the case.

**SO ORDERED.**

Mary Kay Vyskocil

**Date: September 14, 2026**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**